UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| **MARVIN D. SPARKMAN,**  Plaintiff,  v.  **KILOLO KIJAKAZI, Acting Commissioner of Social Security,**[1]  Defendant. | **CIVIL ACTION NO. 7:20-155-KKC**  **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the parties' cross-motions for summary judgment. (DEs 16, 20.) The plaintiff, Marvin D. Sparkman, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record, DENIES Plaintiff's motion (DE 16), GRANTS Defendant's motion (DE 20), and AFFIRMS the Commissioner's decision.

I.

A.  **Standard of Review**

This Court's review of the Administrative Law Judge's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action needs be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 1157 (2019). The substantial evidence standard—more than a mere scintilla of evidence but less than a preponderance, *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)—is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding, which is itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152–53 (1999).

In reviewing the decision of the Commissioner, courts do not try the case de novo, resolve conflicts in the evidence, or assess questions of credibility. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Similarly, courts do not reverse findings of the Commissioner or the ALJ merely because the record contains evidence—even substantial evidence—to support a different conclusion. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Rather, courts must affirm the ALJ's decision if substantial evidence supports it, even if the court might have decided the case differently if in the ALJ's shoes. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

**B.   ALJ Process**

To determine whether a claimant has a compensable disability under the Social Security Act, the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps are:

> *Step 1*:   If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> *Step 2*:   If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that

> significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> *Step 3*: If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4*: If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5*: If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); *see also* 20 C.F.R. § 404.1520(g)(1).

## II.

In denying Sparkman's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Act. 20 C.F.R. § 404.1520(a).

At step one, the ALJ determined that Sparkman has not engaged in substantial gainful activity since October 31, 2018. (Administrative Record ("AR") at 12.)

At step two, the ALJ determined that Sparkman suffered from the following severe impairments: diabetes mellitus and peripheral neuropathy. (AR at 12.)

At step three, the ALJ found that Sparkman does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 14.)

Before proceeding to step four, the ALJ determined that Sparkman has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can frequently balance over uneven terrain and slippery surfaces. The ALJ determined that Sparkman can occasionally climb ramps and stairs, kneel, crouch, and crawl; can never climb ladders, ropes, or scaffolds; must avoid more than occasional exposure to vibration; and can never work at unprotected heights. (AR at 14.)

At step four, the ALJ determined that Sparkman is unable to perform any past relevant work. (AR at 17.)

At step five, the ALJ determined that, considering the RFC described above and Sparkman's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that Sparkman can perform, and thus, he is not disabled. (AR at 17.)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council subsequently denied Sparkman's request for review. *See* 20 C.F.R. § 422.210(a). Sparkman has therefore exhausted his administrative remedies and filed a timely appeal in this Court. The parties have filed cross-motions for summary judgment, and this case is now ripe for review under 42 U.S.C. § 405(g).

## III.

Sparkman argues that the ALJ's RFC finding is not supported by substantial evidence. (DE 16-1 at 1.) Sparkman specifically cites as error the ALJ's failure to include the state agency non-examiners' limitations for stooping and pushing and pulling with the lower extremities. (AR at 14, 124, 151.) Sparkman further alleges that the ALJ

4

impermissibly reduced the state agency non-examiners' limitations related to machinery and heights. As a result, Sparkman argues, there was no hypothetical presented to the vocational expert that accurately reflected Sparkman's appropriate RFC. Additionally, Sparkman asserts that the ALJ failed to include appropriate limitations for his peripheral neuropathy and Charcot's joint disease.

Between steps three and four of the sequential disability benefits analysis, the ALJ assesses the claimant's RFC, which is the most the claimant can do despite their impairments. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1), 404.1546(c). At this stage, the claimant bears the burden of proving that an impairment should be accommodated in their RFC assessment. *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 589 (6th Cir. 2019) (citing *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (explaining that a claimant bears the burden of proving his lack of residual functional capacity)). The ALJ must address the claimant's reported symptoms in their RFC assessment, *see* 20 C.F.R. § 404.1529; SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017), but the ALJ is only required to incorporate limitations that he accepts as supported by evidence. *Lester v. Soc. Sec. Admin.*, 596 F. App'x 387, 389–90 (6th Cir. 2015) (citing *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). Thus, in making the RFC finding the ALJ must necessarily evaluate the persuasiveness of the medical opinions in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a). An ALJ considers numerous factors in constructing a claimant's RFC, including the medical evidence, non-medical evidence, and the claimant's credibility. *See* SSR 96–5p, 1996 WL 374183, at *3; SSR 96–8p, 1996 WL 374184, at *5. No medical source opinion is conclusive by itself on this issue. *See* SSR 96-5p, 1996 WL 374183, at *2, 4–5. Similarly, a claimant's subjective complaints of pain or other symptoms cannot alone establish disability. 20 C.F.R. § 404.1529(a). "Although physicians opine on a claimant's residual functional capacity to

5

work, ultimate responsibility for capacity-to-work determinations belongs to the Commissioner." *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 578 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive.").

Under the applicable regulations, the ALJ no longer defers or gives specific evidentiary weight to treating physician reports. 20 C.F.R. § 404.1520c(a). Instead, the ALJ considers the following factors when reviewing medical opinions: supportability; consistency; relationship with the claimant; length of the treatment relationship; frequency of examinations; purpose of the treatment relationship; extent of the treatment relationship; examining relationship; specialization; and other factors such as the source's familiarity with other evidence in the claim or an understanding of the disability program's policies and evidentiary requirements. § 404.1520c(c)(1)–(5). The ALJ must then articulate how he or she considered the medical opinions and evaluate the persuasiveness of each source. 20 C.F.R. § 404.1520c(a)–(b). The ALJ also focuses on whether a medical source provides evidence in support of a medical opinion. 20 C.F.R. 404.1527(c)(3). The ALJ need not defer to opinions by medical professionals (or other treating sources) that are not based on adequate medical data. *Cohen v. Sec. of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) ("The ALJ . . . is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.").

Sparkman's second claim—regarding the ALJ's purported failure to include appropriate limitations for Sparkman's peripheral neuropathy and Charcot's joint disease— plainly fails. A review of the ALJ's decision shows that she thoroughly and appropriately considered the claimant's subjective reports, the medical and non-medical evidence, and the opinions of various providers. (AR at 13–17.) Based on this proper consideration of the

record, the ALJ determined Sparkman's RFC, and this determination was supported by substantial evidence. The ultimate decision of a claimant's RFC is made by the ALJ. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004); 20 C.F.R. 404.1546(c). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey*, 987 F.2d at 1233. As explained above, the ALJ's determination was supported by substantial evidence and must be affirmed.

Sparkman's first claim—regarding the incomplete limitations and the resulting deficient hypotheticals—requires additional scrutiny. The ALJ found the state agency non-examiners' opinions persuasive but did not include in the RFC their limitations for stooping and pushing and pulling with the lower extremities. The ALJ also reframed their findings as to vibration and hazards, finding that Sparkman "must avoid more than occasional exposure to vibration" and "can never work at unprotected heights," (AR at 14) while the state agency non-examiners said that Sparkman should "avoid concentrated exposure" to vibration and hazards ("machinery, heights, etc."). (AR at 125, 152.) To the extent that either of these constitutes error, the error is harmless. The vocational expert identified three examples of light and sedentary work that Sparkman would be able to perform: routing clerk (Dictionary of Occupational Titles No. 222.587-038), price marker (DOT No. 209.587-034), and inspector (DOT No. 689.687-022). (AR at 18.) None of these three jobs involves any stooping or exposure to vibration, machinery, or heights. *See* DICOT 222.587-038 (G.P.O.), 1991 WL 672123; DICOT 209.587-034 (G.P.O.), 1991 WL 671802; DICOT 689.687-022 (G.P.O.), 1991 WL 678435. The "inspector" job suggests the possibility of operating a sewing machine—which could involve lower extremity pushing—but the "routing clerk" and "price marker" jobs do not suggest any lower extremity pushing or

7

pulling. The "routing clerk" and "price marker" jobs—which do not implicate any of the limitations that Sparkman asserts were missed by the ALJ—together account for 170,000 jobs in the national economy (AR at 18), which constitutes a significant number. *Nejat*, 359 F. App'x at 579 (collecting cases evaluating what constitutes a "significant number" of jobs). Because inclusion of the limitations mentioned by Sparkman would not have affected the selection of at least the "routing clerk" and "price marker" jobs by the vocational expert, any error on the part of the ALJ was harmless, and the decision must be affirmed.

## IV.

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that:

(1) The plaintiff's motion for summary judgment (DE 16) is **DENIED**;

(2) The defendant's motion for summary judgment (DE 20) is **GRANTED**;

(3) The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) A judgment will be entered contemporaneously with this order.

This 10th day of June, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

8